## Moyer's Estate.

*Decedents' estates—Claim of surgeon—Findings of fact—Review.*

An allowance of $50.00 by the orphans' court for an operation performed by a surgeon in a hospital on the decedent shortly before his death, will be sustained by the appellate court where such an allowance is based upon competent expert testimony, and it appears that the decedent's estate was very small.

Argued Nov. 14, 1911.  Appeal, No. 111, Oct. T., 1911, by Frederick E. Howell, M. D., from decree of O. C. Berks Co., June T., 1910, No. 26, dismissing exceptions to adjudication in Estate of Robert S. Moyer, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Exceptions to adjudication.  Before BLAND, P. J.

From the record it appeared that at the audit the appellant claimed $148 for professional services in trephining decedent's skull on March 3, 1909, for treatment thereafter, including a final operation on March 7, two hours before decedent's death.  The operation was performed in a hospital of which the claimant was a visiting surgeon. When the decedent was brought to the hospital he was accompanied by his wife who signed an agreement presented to her by one of the resident physicians by which she agreed to pay Dr. F. E. Howell for services rendered without stating the amount.  Mrs. Moyer testified that when she signed the paper she understood that it was for a private room for her husband.  The balance of the estate exclusive of Dr. Howell's claim amounted only to $240.64. The court allowed Dr. Howell $50.00.

Exceptions to the adjudication were dismissed.  Dr. Howell appealed.

*Errors assigned* were in dismissing exceptions to adjudication.

*Samuel E. Bertolet*, with him *Robert Grey Bushong*, for appellant.—A physician's reasonable compensation is the fair intrinsic value of the services rendered, without regard to their result or the financial ability of the patient to pay: Tiedeman v. Loewengrund, 2 W. N. C. 272; Mortimer's Est., 13 Pa. Dist. Rep. 51.

In hearing and determining the value of the services rendered, the court may not admit and consider irrelevant and incompetent testimony: East Penna. R. R. Co. v. Hiester, 40 Pa. 53.

*Harry D. Schaeffer*, of *Dunn & Schaeffer*, for appellee.—
The appellate court will not disturb a finding of fact by
an auditing judge, confirmed by the court below, unless
there be no evidence to support it, or it is clearly so erro-
neous, that to uphold it would be injustice: Barnes's Est.,
221 Pa. 399; Gibson's Est., 228 Pa. 409; Comly's Est., 185
Pa. 208.

OPINION BY BEAVER, J., March 1, 1912:

The only question raised by the various assignments of
error in this case is that of the amount of the fee for pro-
fessional services allowed by the orphans' court, conced-
edly rendered by the appellant to the decedent in his life-
time. Inasmuch as this is a question of fact passed upon
by the adjudicating judge in the orphans' court and after-
wards affirmed upon exceptions, we see no reason for mak-
ing an exception to the rule that where a decree in such a
case is based upon the evidence it will not be disturbed
here.

There is no doubt as to the value of the professional
services rendered by the appellant. He performed what
is known in surgery as a major operation, very delicate in
its nature, and, so far as we know, skillfully performed.
The balance of the estate for distribution, however, was
small and the testimony of professional experts supports
the adjudication made by the orphans' court. Indeed the
adjudicating judge fixes the fee of the appellant at the
exact amount testified to as reasonable by the surgeon
of longest practice and probably largest experience of those
who were examined, and, whilst the amount testified to by
other experts, probably equally skillful and experienced,
was larger, this was done in a way that would seem to in-
dicate that, under the circumstances, it should be reduced.

Dr. Loose, for example, being upon the stand, testified,
under the interrogation of the court: "Q. You are not to
take into account that the estate was considerably in-
debted at this time, but are supposed not to know any-
thing about the estate one way or the other. What would

you think would be a fair fee in this case, not knowing the people? A. Well, I would charge a pretty fair fee and, if I found out afterwards that it wasn't proper, I would make it a reasonable fee. Q. What would that reasonable fee be that you refer to? A. I would say $150. Q. Knowing nothing about the estate? A. Yes, sir, and then reduce it, if it wasn't right."

The court, by its decree, reduced the amount of the fee and thus made it what, in the judgment of the adjudicating judge, was right, which was in exact accordance with the later testimony of Dr. Loose, who said, in answer to the general question as to the value of the services, "It strikes me that, when a man is brought to a hospital, who has a family, and his estate amounts to only a few hundred dollars —I was going to say that a man brought into a hospital in that way and put into a ward, that then there would be no charge, because the surgeons on duty are always supposed to do a certain amount of charitable work, and are supposed to be willing to do that in any hospital where they do not know the condition of the finances of the patient, because it is an easy matter to transfer them to a private room afterwards, if they want to pay for it. Now, then, taking into consideration the estate of the widow—the result of the operation was what? (The patient died two hours after the last operation.) Well, I really would have to make an allowance for poor people always and I should think that a proper fee for that sort of an operation would be $50.00 for the whole matter. I think that that would be a very proper, reasonable and right fee."

In view of the fact that the appellant was not in any way responsible for the fact that he was not called to the hospital till about half past eleven o'clock at night and that he did not write the agreement signed by the widow, in which she agreed to pay for his services, to which he specifically assented, the same having been written by the physician who was in attendance as intern at the hospital, we scarcely think the remarks of the adjudicating

judge in reference to the delay in the operation, and the character of the agreement which the widow said in her testimony simply related to a private room, were altogether judicial or necessarily required by the facts of the case. We do not regard them, however, as in any way controlling the amount of the fee allowed, which, in our view of the facts, was a reasonable result of the testimony adduced at the hearing. The remarks of the judge are rather immaterial to the real issue involved, and, whilst we may not entirely concur in their tone, or as applicable in any way to the conduct of the appellant, they do not in any way affect the conclusion of fact reached by the adjudication.

The decree is affirmed and the appeal dismissed at the costs of the appellant.